**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| KYUJAE CHO, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 1:20-cv-05308-WFK-RER |
| | : | |
| FBCS, INC. and LVNV FUNDING, LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |

---

**DEFENDANT FBCS, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
DEMAND FOR A TRIAL BY JURY**

Answering Defendant, FBCS, Inc. ("Answering Defendant"), by and through its
undersigned counsel, files this Amended Answer to the First Amended Class Action Complaint
("Complaint") of Plaintiff Kyujae Cho, individually and on behalf of all others similarly situated,
and states as follows:

**INTRODUCTION**

1.      Denied. The allegations in this Paragraph, if any, are denied as they call for a legal
conclusion to which no response is required.

**JURISDICTION AND VENUE**

2.      Denied. The allegations in this Paragraph, if any, are denied as they call for a legal
conclusion to which no response is required.

3.      Denied. Answering Defendant is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint,
and therefore denies the same.  Further, the allegations in this Paragraph, if any, are denied as they
call for a legal conclusion to which no response is required.

4.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

## **PARTIES**

5.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

6.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

7.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.  Further, the allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

8.      Admitted in part; denied in part. Answering Defendant admits that it has an office in Pennsylvania. The remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

9.      Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

10.      Admitted in part; denied in part. Answering Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same for the present time and demands strict proof thereof.

11.     Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

12.     Admitted in part; denied in part. Answering Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same for the present time and demands strict proof thereof.

13.     Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

14.     Admitted in part; denied in part. Answering Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal

conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same for the present time and demands strict proof thereof.

15.     This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

16.     Admitted in part; denied in part. Answering Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same for the present time and demands strict proof thereof.

17.     Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

18.     Admitted in part; denied in part. Answering Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Answering Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Answering Defendant denies the same for the present time and demands strict proof thereof.

19.     Denied. This Paragraph is not directed toward Answering Defendant. To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

## ALLEGATIONS

20.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

21.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

22.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

23.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

24.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

25.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

26. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

27. Admitted in part; denied in part. Answering Defendant admits that it sent a letter dated July 2, 2020 to Plaintiff. Attached as Exhibit 1 is a true and correct copy of the July 2, 2020 Letter.[1] The copy of the July 2, 2020 Letter attached to Plaintiff's Complaint as Exhibit 1 is not a true and accurate copy of the letter sent by Answering Defendant as it is missing two pages. (Doc. 1-1). The July 2, 2020 Letter that was mailed to Plaintiff contained all 3 pages. The July 2, 2020 Letter that was mailed to Plaintiff was not returned to Answering Defendant as undeliverable. The terms of the July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 speak for themselves. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

28. Admitted in part; denied in part. Answering Defendant admits that it sent a letter dated July 2, 2020 to Plaintiff. Attached as Exhibit 1 is a true and correct copy of the July 2, 2020 Letter. The copy of the July 2, 2020 Letter attached to Plaintiff's Complaint as Exhibit 1 is not a true and accurate copy of the letter sent by Answering Defendant as it is missing two pages. (Doc. 1-1). The July 2, 2020 Letter that was mailed to Plaintiff contained all 3 pages. The July 2, 2020 Letter that was mailed to Plaintiff was not returned to Answering Defendant as undeliverable. The terms of the July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 speak for themselves. Further, the remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

---

[1] Redactions have been made on the July 2, 2020 letter for privacy purposes.

29.     Admitted in part; denied in part. Answering Defendant admits that it sent a letter dated July 2, 2020 to Plaintiff.  Attached as Exhibit 1 is a true and correct copy of the July 2, 2020 Letter.  The copy of the July 2, 2020 Letter attached to Plaintiff's Complaint as Exhibit 1 is not a true and accurate copy of the letter sent by Answering Defendant as it is missing two pages.  (Doc. 1-1).  The July 2, 2020 Letter that was mailed to Plaintiff contained all 3 pages.   The July 2, 2020 Letter that was mailed to Plaintiff was not returned to Answering Defendant as undeliverable.  The terms of the July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 speak for themselves. Further, the remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

30.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

31.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

32.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

33.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

34.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

35.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

36. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

37. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

38. Admitted in part; denied in part. Answering Defendant admits that it sent a letter dated July 2, 2020 to Plaintiff. Attached as Exhibit 1 is a true and correct copy of the July 2, 2020 Letter. The copy of the July 2, 2020 Letter attached to Plaintiff's Complaint as Exhibit 1 is not a true and accurate copy of the letter sent by Answering Defendant as it is missing two pages. (Doc. 1-1). The July 2, 2020 Letter that was mailed to Plaintiff contained all 3 pages. The July 2, 2020 Letter that was mailed to Plaintiff was not returned to Answering Defendant as undeliverable. The terms of the July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 speak for themselves. Further, the remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

39. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

40. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

41. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

42. Denied. Answering Defendant admits that it sent a letter dated July 2, 2020 to Plaintiff. Attached as Exhibit 1 is a true and correct copy of the July 2, 2020 Letter. The copy of the July 2, 2020 Letter attached to Plaintiff's Complaint as Exhibit 1 is not a true and accurate copy of the letter sent by Answering Defendant as it is missing two pages. (Doc. 1-1). The July 2,

2020 Letter that was mailed to Plaintiff contained all 3 pages. The July 2, 2020 Letter that was mailed to Plaintiff was not returned to Answering Defendant as undeliverable. The terms of the July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 speak for themselves. The July 2, 2020 Letter attached to this Amended Answer as Exhibit 1 states "FBCS, Inc. is not obligated to renew this offer."

43.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

44.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

45.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## CLASS ALLEGATIONS

46.     Admitted in part; denied in part. Answering Defendant admits that Plaintiff brings class claims under Fed. R. Civ. P. 23. The remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

47.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

48.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

49.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

50.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

51.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

52.     Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## JURY DEMAND

53.     Answering Defendant admits that Plaintiff demands a trial by jury. Answering Defendant also demands a trial by jury under Fed. R. Civ. P. 38 for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Answering Defendant its reasonable attorneys' fees and costs incurred in defending this action; deny any other requested damages, fees, costs, other legal and equitable relief and for other such further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be barred by the statute of limitations.

3.      Any violation of law by Answering Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4.      Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5.      Plaintiff has suffered no compensable damages.

6.      Plaintiff has suffered no ascertainable loss of money or property.

7.      Answering Defendant affirmatively alleges that Plaintiff's claims are barred by a lack of standing under Article III of the U.S. Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1544-50 (2016).

8.      Answering Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc.*, 136 S. Ct. at 1544-50.

9.      The purported class is not so numerous as to make joinder of all members impracticable.

10.      The purported class is not ascertainable.

11.      The questions of law or fact are not common to the purported class.

12.      The claims and defenses of Plaintiff are not typical of the claims and defenses of the purported class.

13.      Plaintiff and Plaintiff's counsel cannot fairly and adequately protect the interests of the purported class.

14.      Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to individual members of the purported class that would establish incompatible standards of conduct for Answering Defendant.

15.     Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16.     Answering Defendant's alleged conduct is not generally applicable to the purported class.

17.     Answering Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

KAUFMAN, DOLOWICH & VOLUCK, LLP

By:      /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kdvlaw.com

Dated:  December 22, 2020              Attorneys for Defendant FBCS, Inc.

**CERTIFICATE OF SERVICE**

  I, RICHARD J. PERR, ESQUIRE hereby certify that on this date I served a true and correct

copy of the foregoing electronically via the Court's CM/ECF system on the following:

Craig B. Sanders, Esquire
Jonathan Mark Cader, Esquire
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
jcader@barshaysanders.com
Attorney for Plaintiff Kyujae Cho

        /s/ Richard J. Perr_____
        RICHARD J. PERR, ESQUIRE

Dated: December 22, 2020

4827-8333-7428, v. 2